IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL L. BUESGENS  :
    Plaintiff,
   v. : Civil Action No. DKC-2007-1642

CHRISTINE C. FREELAND, ET AL. :
    Defendants.

**MEMORANDUM OPINION**

On June 20, 2007, Plaintiff Michael L. Buesgens, a resident of Austin, Texas, filed this fee-paid *pro se* Complaint against Christine Freeland,[1] Riverstone Operating Company, Riverstone Residential S.C. LLC,[2] and an unidentified "John Doe" Defendant.  Plaintiff claims that Freeland and Riverstone are Maryland residents and he invokes this court's 28 U.S.C. § 1332 diversity jurisdiction.  He refers this court to his previous civil action, *Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1363 (D. Md.) and the circuit court appeal from this court's decision in that case.  Paper No. 1.  Before discussing the instant case, the court finds a brief overview of Plaintiff's filing history is in order.

On May 21, 2007, Plaintiff filed *Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, invoking this court's 28 U.S.C. § 1343 civil rights jurisdiction.  He cited to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Fair Housing Act ("FHA").  In seeking damages and other miscellaneous relief against multiple defendants, Plaintiff complained of "discrimination, retaliation, denial of due process rights under the Fourteenth

---

[1]    Plaintiff identifies Freeland as the Director and owner of Riverstone Operating Company.

[2]    Both Riverstone Operating Company and Riverstone Residential S.C. LLC shall hereafter be referred to as "Riverstone."

Amendment and low income housing tax credit property- senior community." *See Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, Paper No. 1. Pared down to its essentials, the grounds in the complaint alleged that: (1) Plaintiff was denied housing accommodations at and was wrongly evicted from the Village of Collinwood and Falcon Ridge Apartments, two housing complexes located in Austin, Texas; (2) a number of defendants failed to appear and/or presented perjured testimony at a Travis County, Texas state court proceeding concerning Plaintiff's eviction; (3) attorney misconduct and negligence was committed related to the aforementioned eviction proceeding; and (4) the Department of Housing and Urban Development ("HUD") improperly handled his housing complaint(s).[3] *Id*.

On June 6, 2007, the undersigned ordered the preceding matter transferred to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a). The court reasoned that as the actions about which Plaintiff complained occurred in Austin, Texas, the majority of Defendants reside in Texas,[4] and matters related to the case were seemingly litigated in

---

[3] Prior to filing *Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, Plaintiff filed a federal civil rights complaint against Falcon Ridge Apartments and a number of the same defendants. *See Buesgens v. Falcon Ridge Apartments, et al*., Civil Action No. LY-06-226 (W.D. Texas). That case was dismissed with prejudice on December 20, 2006, by U.S. District Court Judge Lee Yeakel. In addition, Plaintiff filed *Buresgens v. Travis County, Texas, et al*., Civil Action No. SS-07-427 (W. D. Texas), raising FHA, ADA, RA, and other claims related to his eviction, termination of his lease, and the imposition of unlawful reletting charges from Falcon Ridge Apartments. On June 20, 2007, District Court Judge Sam Sparks dismissed the complaint with prejudice and directed that Plaintiff be "barred from filing any future civil action in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action." *Id*. at Paper No. 10.

[4] The court noted that of the 40 defendants named, approximately 32 resided in Texas and only defendants Christine Freeland and Riverstone had a listed residence in Maryland.

Texas, the interests of justice dictated that the case be transferred.[5] On June 11, 2007, Plaintiff filed a Notice of Appeal.

Although the instant Complaint is filed as a diversity matter, Plaintiff is again alleging that he was denied a reasonable housing accommodation and discriminated against as related to his housing in Texas. These allegations are presented in conclusory legal terms, without any factual background. Consequently, the jurisdictional basis for invoking a federal district court's § 1332 diversity jurisdiction is unclear. Further, it is apparent that the Complaint does not meet the pleading requirements of Fed. R. Civ. P. 8.[6]

In any event, it is readily apparent to the court that in presenting the instant Complaint in this district, Plaintiff has essentially re-filed *Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, this time excluding all non-Maryland defendants. He shall not be permitted to "venue shop" his allegations when they are already pending before another district.[7] Accordingly, this case shall

---

[5]  The case was transferred to the United States District Court for the Western District of Texas at Austin matter and has been instituted as *Buesgens v. Freeland*, *et al.*, Civil Action No. SS-07-444 (W.D. Texas).

[6]  Under Rule 8, a pleading which sets forth a claim for relief shall contain: a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Rule 8(a). Moreover, each "averment of a pleading shall be simple, concise, and direct," Rule 8(e)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

[7]  A review of Plaintiff's federal filings seemingly indicate that other cases have been dismissed or transferred due to venue issues. *See Buesgens v. Culpepper, et al.*, Civil Action No. WGY-07-10538 (D. Mass.); *Buesgens v. United States, et al.*, Civil Action No. RCL-06-1558 (D. D.C.) Further, it appears that he has filed at least two cases outside the district of Texas in an attempt to sue individuals involved in his litigation with Falcon Ridge Apartments. In *Buesgens v. Galloway*, Civil Action No. KI-07-43 (D. Or.), Defendant's motion to dismiss was granted on June 7, 2007. Further, in *Buesgens v. Houser, et al.*, Civil Action No. CM-07-2116 (D. Kan.), Plaintiff has sued a number of parties related to his litigation in the federal courts in Oregon and Texas and his state court proceedings associated with his tenancy and eviction in Texas.

also be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Texas for all further proceedings.[8]

Finally, the court duly takes notice of the pre-filing injunction imposed by United States District Court Judge Sam Sparks. That injunction was imposed on Plaintiff due to his "vexation practices" in filing a frivolous lawsuit "seeking relief on issues already litigated in numerous prior actions." *See Buresgens v. Travis County, Texas, et al.*, Civil Action No. SS-07-427 (W. D. Texas) at Paper No. 10 at 10. Judge Sparks entered the injunction in reliance on *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986), which provides for a "broad injunction, prohibiting any filings in any federal court without leave of that court" if the litigant is "engaging in a widespread practice of harassment against different people." *Id*. at 360. Under the law in this circuit, however, there is some question as to whether such an injunction may be adopted and imposed here without notice. *See Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 820 (4th Cir. 2004). After review of Judge Sparks's opinion, along with the federal court docket, the court finds that Plaintiff has clearly abused the court process with regard to complaints related to difficulties with his former Texas apartment complexes in various federal district courts. Indeed, the instant filing shows Plaintiff's inclination for continuing to abuse the process, this time in this district. Consequently, he is placed on notice that any further filing in this court with regard to complaints directly or tangentially associated with his Texas housing claims or any claim with patently obvious jurisdictional and venue deficiencies shall result in the imposition of pre-filing sanctions such as that imposed in *McMahon v. F & M Bank-Winchester*, 45 F.3d 426 (4th Cir. 1994) (vexatious litigant

---

[8] Any consideration of the sufficiency of the Complaint and/or consolidation of this matter with *Buesgens v. Freeland, et al.*, Civil Action No. SS-07-444 (W.D. Texas) shall of course be left to the transferee court.

barred from filing any civil action in any federal court without leave of court and requires litigant to certify in application for leave to file that the claim to be raised has never been raised or disposed of on the merits by an state or federal court) .[9]  A separate Order follows the opinion set out herein.


Date:   July 27, 2007                                    /s/                     
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[9] It has come to this court's attention that Plaintiff has disrupted this court's day-to-day business due to his abuse of telephone calls to the Clerk and Chambers. Plaintiff is cautioned that all contact with Chambers must be in writing and that rude and disrespectful telephone contact or written discourse shall not be tolerated. The same may result in the imposition of sanctions.